UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re ) | |
| ) | Chapter 7 |
| PLANT-BASED PIZZA BOSTON, LLC, ) | Case No. 23-10609-JEB |
| ) | |
| Debtor. ) | |

**TRUSTEE'S MOTION FOR AUTHORITY TO SELL
LIQUOR LICENSE AT PRIVATE SALE AND AUTHORIZING
PAYMENT TO SECURED CREDITOR WITH AGREED CARVE-OUT**

John O. Desmond, Chapter 7 Trustee (the "Trustee") of the estate of Plant-Based Pizza Boston, LLC (the "Debtor"), hereby moves, pursuant to 11 U.S.C. § 363, Fed. R. Bankr. P. 2002(a)(2) and 6004, and MLBR Rule 2002-5 and 6004-1, for authority to sell to 163 Newbury Street LLC or its nominee (the "Buyer") at private sale all of the Trustee's right, title and interest in the 7 Day Malt and Wine Beverages License issued by the City of Boston identified by the designations ABCC#011601218/03129 and BLB#99565 as currently issued to Plant-Based Pizza Boston, LLC d/b/a Double Zero and operated at 163 Newbury Street, Boston, Massachusetts (the "Liquor License"). The consideration for the sale will be a cash payment of $125,000.00 (the "Purchase Price"). The Trustee further moves that the Liquor License be sold free and clear of all liens, security interests, or encumbrances, pursuant to 11 U.S.C. § 363(f), with all such liens, security interests, or encumbrances, to the extent valid, attaching to the sale proceeds (subject to a carve-out described below). The Buyer is also a creditor with a claim secured by the Liquor License, and the Trustee further moves that he be authorized to pay from the proceeds of the sale of the Liquor License (the "Sale Proceeds") the secured claim of the Buyer subject to the terms

of the carve-out described below. A proposed order is filed herewith. In further support of this motion, the Trustee states as follows:

1.     On April 20, 2023, an involuntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") was filed against the Debtor. On May 22, 2023, this Court issued an order for relief under Chapter 7 of the Bankruptcy Code against the Debtor. On May 24, 2023, the Trustee was appointed Chapter 7 trustee.

2.     The Debtor formerly operated a restaurant. The property of the bankruptcy estate includes the Liquor License.

3.     The Liquor License is to be sold to the Buyer for the sum of $125,000.00 in cash. The Buyer was previously the landlord of the Debtor, and it also is a creditor of the Debtor who made a loan to the Debtor secured by the Liquor License.[1] The Trustee understands that the amount owed on the secured claim of the Buyer is $127,139.73 as of July 19, 2023, with per diem interest of $16.44. There is no relationship between the Buyer and the Trustee. The terms and conditions of the sale are fully described in a Liquor License Purchase & Sale Agreement attached hereto as Exhibit "A" and in a Notice of Intended Private Sale filed herewith.

4.     The sale shall take place within fourteen (14) days of the date upon which the Buyer receives written notification from the City of Boston Licensing Board (the "Board") of the full and final approval of the transfer of the Liquor License to Buyer by the Board and the Massachusetts Alcoholic Beverages Control Commission (the "ABCC"), unless otherwise agreed upon by the parties. The Buyer must submit a complete Alcoholic Beverage License

---

[1] By letter dated December 14, 2018, the Licensing Board for the City of Boston informed the Debtor that the Massachusetts Alcoholic Beverages Control Commission had approved the petition to pledge the license to the Buyer, as is required to perfect the Buyer's security interest in the Liquor License.

transfer application to the Board within fifteen (15) business days of the approval of the sale by the Court.

5. The Buyer has paid a deposit in the amount of $15,000.00 and must pay an additional deposit of $31,250.00 within seven (7) days of the approval of the sale by the Court.

6. The Liquor License is to be sold, pursuant to 11 U.S.C. § 363(f), free and clear of all liens, security interests, or encumbrances. The Trustee believes that the only perfected, enforceable, valid lien, security interest, or encumbrance on the Liquor License is the one in favor the Buyer. Any perfected, enforceable, valid liens, security interests, or encumbrances shall attach to the Sale Proceeds to the extent permitted under, and according to, priorities established under applicable law. Notwithstanding the foregoing, the Buyer has agreed to a carve-out of certain amounts of the Sale Proceeds from its secured claim, as described below.

7. Shortly after his appointment the Trustee investigated the value of the Liquor License, including speaking with an auctioneer who has previously been employed in this Court to sell Boston liquor licenses. Based on that investigation, the Trustee determined that the $125,000.00 price being offered by the Buyer is fair and that it would be reasonable to accept that offer, subject to this Court's sale process permitting higher offers, and save the estate the cost of a broker or other sale professional.

8. The Trustee proposes that any counteroffers must be accompanied by a $12,500.00 cash deposit and must meet or exceed a 5% minimum overbid, i.e., $131,250.00. Because the minimum overbid is not more than 5%, the Trustee does not seek separate permission from this Court.

9. Although the Buyer is a secured creditor of the Debtor and a petitioning creditor for this involuntary case, the negotiations between the Buyer and the Trustee for sale of the

Liquor License were conducted at arm's length, with the Buyer not seeking to make a credit bid. Accordingly, the Buyer has acted in good faith, and the Trustee requests that the order approving the sale provide that the Buyer is a good faith purchaser entitled to the protections of 11 U.S.C. § 363(m).

10. This Motion together with the form of Notice of Intended Private Sale, Deadline for Submitting Objections and Higher Offers, and Hearing Date has been served on the U.S. Trustee, the Debtor, the Buyer, counsel to the Buyer, and counsel to all parties requesting service of pleadings. Upon the Court's issuance of an objection deadline, and a hearing date, the Trustee will serve this Motion and the Notice on all parties who are required by the Federal Rules of Bankruptcy Procedure to be served with a notice of sale.

11. In addition, the Trustee seeks authorization to pay from the Sale Proceeds the secured claim of the Buyer, subject to the terms of the carve-out set forth below. Specifically, from the Sale Proceeds, the following amounts (in total, the "Carve-Out") will be carved out of the Sale Proceeds and held by the Trustee in the bankruptcy estate free and clear of all liens, security interests, and encumbrances:[2]

   a. $12,500.00, plus 10% of the amount by which the purchase price exceeds $125,000;

   b. The amount of the Trustee's commission under § 326 of the Bankruptcy Code on the Purchase Price;

   c. The fees of the Trustee's counsel not to exceed $15,000.00;

   d. The fees of the Trustee's accountant; and

---

[2] The proposed Order submitted herewith by the Trustee sets forth the amounts of the Carve-Out based on the sale to the Buyer as proposed for $125,000. If a higher offer results in a higher purchase price, the revised proposed order the Trustee will submit will modify the amounts of the Carve-Out accordingly.

  e. 2.5% of the purchase price, if and only if a higher offer is made by someone with a buyer's broker and a sale occurs to that higher offeror, with such 2.5% of the purchase price to be paid, subject to Bankruptcy Court approval, to that buyer's broker.[3]

 12. The Trustee proposes to pay the remainder of the Sale Proceeds after such carve-out, up to the amount of the Buyer's secured claim, to the Buyer no later than 14 days after the closing of the sale of the Liquor License. To the extent the secured claim of the Buyer is not paid in full, the Buyer may assert an unsecured claim for the unpaid balance.

 WHEREFORE, the Trustee respectfully requests that this Court enter an order, in the form filed herewith:

 1. Authorizing sale of the Liquor License in accordance with the terms and conditions described herein, free and clear of all liens, security interests, or encumbrances, in consideration of $125,000.00 cash, with liens, security interests, and encumbrances to attach (subject to the Carve-Out) to the Sale Proceeds;

 2. Providing that the Buyer is a good faith purchaser entitled to the protections of 11 U.S.C. § 363(m);

 3. Authorizing the Trustee to pay from the Sale Proceeds the secured claim of the Buyer, subject to the Carve-Out; and

---

[3] The Trustee believes this provision making a portion of the increase in the purchase price from a higher offer available to a buyer's broker will increase the likelihood of a higher offer and therefore is in the best interest of the estate.

4. Granting such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        JOHN O. DESMOND,
          CHAPTER 7 TRUSTEE,

        By his attorneys,

        /s/ Adam J. Ruttenberg
        Adam J. Ruttenberg, BBO 553158
        BEACON LAW GROUP, LLC
        935 Great Plain Avenue, #116
        Needham, MA  02492
        (617) 235-8600
        aruttenberg@beaconlawgroup.com

Dated:  July 28, 2023

## CERTIFICATE OF SERVICE

I, Adam J. Ruttenberg, hereby certify that on July 28, 2023 a true copy of **Trustee's Motion For Authority to Sell Liquor License at Private Sale and Authorizing Payment to Secured Creditor with Agreed Carve-Out** (with proposed **Notice of Intended Private Sale, Deadline for Submitting Objections and Higher Offers, and Hearing Date** and proposed **Order** attached thereto) was served on the following by first class mail, postage prepaid:

163 Newbury Street LLC
475 Commonwealth Avenue
Suite 105
Boston, MA  02215
Attn:  Panos Demeter

Plant-Based Pizza Boston, LLC
c/o Northwest Registered Agent Service Inc.
82 Wendell Avenue, Suite 100
Pittsfield, MA  01201

Matthew Kenney, Managing Member
Plant-Based Pizza Boston, LLC
1009 Abbot Kinney Boulevard
Venice, CA  90291

I understand that notice of this filing was sent by the Court, by e-mail, to:

- John O. Desmond    trustee@jdesmond.com, jdesmond@ecf.axosfs.com
- John Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV
- Michael O'Neil    mko@rathlaw.com
- Alexander Sugerman-Brozan    alex.sugerman-brozan@mass.gov

/s/ Adam J. Ruttenberg
Adam J. Ruttenberg